IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RONALD VINCENT WILLIAMS,     :
     Plaintiff,                   :
                                    :
vs.                               :         CIVIL ACTION 16-00253-KD-C
                                    :
WILLIE MAIBEN, *et al.*,        :
     Defendant.                :
                                    :

REPORT AND RECOMMENDATION

Plaintiff Ronald Vincent Williams, proceeding *pro se* and *in forma pauperis*,

filed a complaint under 42 U.S.C. § 1983.  This action was referred to the

undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local

Rule 72.2(a)(2)(R).  It is recommended that this action be dismissed without

prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and

(ii) because the claims are either frivolous or fail to state a claim upon which

relief may be granted.

I.      **Complaint. (Doc. 1).**

Plaintiff Ronald Vincent Williams is currently within the custody of the

Alabama Department of Corrections serving a 20-year sentence for a 2005

conviction of manslaughter.  (Doc. 1 at 6).  He brings this § 1983 action against

Defendants, Detective Willie Maiben, Former Assistant District Attorney Travis

W. Grant, Assistant District Attorney Jill Phillips, and defense attorney Paul D.

Brown, for violations of his right to due process secured by the U.S.

Constitution,[1] for their participation in knowingly conducting criminal

---

[1]     Plaintiff specifies he is suing under the Fifth Amendment in connection with his
due process claim (see Doc. 1); however, as a convicted prisoner, such a due process
challenge implicates his rights under the Fourteenth Amendment, not the Fifth

proceedings against him (by both prosecuting and sentencing him) under the incorrect legal name and birthday.  (Doc. 1 at 4-6).

Williams claims his name is "Ronald Williams," date of birth March 10, 1963, but that he was knowingly and wrongly prosecuted under the incorrect name of "Ronnie Williams," date of birth March 10, 1962.  (Id. at 3).  Williams contends this misidentification caused him to be sentenced with a criminal history (a prior conviction) belonging to "Ronnie Williams."   (Id. at 3-6).  Williams seeks recognition and clarification from the court as to his legal name and birthdate, release from the custody of the Alabama Department of Corrections, and monetary damages in the amount of 8.3 million dollars.  (Id. at 7).

**II.     Standards of Review Under 28 U.S.C. § 1915.**

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or officer to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2).  A claim is frivolous when it "'lacks an arguable basis either in law or in fact.'" Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008), quoting

---

Amendment.  The court, however liberally construes *pro se* complaints and holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers..." E.g., Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citation and quotations omitted).  As such, the Court will analyze Plaintiff's claims under the due process clause of the Fourteenth Amendment, rather than the inadvertently pled Fifth Amendment.  See United States v. Jordan, 915 F.2d 622,624–25 (11th Cir.1990) (Courts have an "obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework.").

Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1831-1832, 104 L.Ed.2d 338 (1989); see also Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (finding an action frivolous when the district court concludes that it has "little or no chance of success," because, based on the face of the complaint, the legal theories are "indisputably meritless," or the factual allegations are "clearly baseless,"—that is, the complaint "lacks an arguable basis either in law or in fact"), cert. denied, 510 U.S. 893, 114 S. Ct. 254, 126 L. Ed. 2d 206 (1993) ; see Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (a case is frivolous when it appears the plaintiff has little or no chance of success), cert. denied, 534 U.S. 1044, 122 S. Ct. 624, 151 L. Ed. 2d 545 (2001); Clark v. State of Georgia Pardons & Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990) ("A lawsuit is frivolous if the 'plaintiff's realistic chances of ultimate success are slight.'") (quotation omitted)).  A complaint fails to state a claim when it does not include enough factual matter—taken as true—to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L.Ed.2d 929 (2007), quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).  To avoid dismissal for failure to state a claim, the allegations must show plausibility. Id. at 557.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . [This standard] asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557 (second brackets in

3

original).  "Threadbare recitals of the elements of a cause of action, supported by
mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678, 129 S. Ct. at
1949.  In determining whether a claim is stated, the factual allegations are
accepted as true, except for conclusory assertions or a recitation of a cause of
action's elements. Id.; Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).

When considering a *pro se* litigant's allegations, the court holds them to a
more lenient standard than those of an attorney, Tannenbaum v. United States,
148 F.3d 1262, 1263 (11th Cir. 1998), but it does not have "license . . . to rewrite an
otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action."
GJR Investments v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998),
overruled on other grounds by Randall v. Scott, 610 F.3d 701, 710 (11th Cir. 2010)
(relying on Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868
(2009)).  Furthermore, a *pro se* litigant "is subject to the relevant law and rules of
court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863
F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863, 110 S. Ct. 180, 107 L. Ed. 2d
135 (1989).

**III.   Discussion.**

**A.   Claims against Defendant Paul D. Brown.**

Defendant Paul D. Brown was Williams' state appointed defense counsel
during the time this complaint arose, and he, therefore, is not considered a state
actor for purposes of § 1983 and may not be held liable for damages pursuant to
§ 1983.

In order "[t]o sustain a cause of action based on section 1983, [a plaintiff]
must establish two elements: (1) that [he] suffered a deprivation of rights,
privileges or immunities secured by the Constitution and laws of the United

4

States, and (2) that the act or omission causing the deprivation was committed by a person acting under color of law." Wideman v. Shallowford Cmty. Hosp., Inc., 826 F.2d 1030, 1032 (11th Cir. 1987) (internal quotations and citation omitted). "[A] public defender does not act under color of state law when performing the lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Cnty. v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (Public defender "did not act under color of state law in exercising her independent professional judgment in a criminal proceeding.").

Williams alleges in his complaint that Defendant Brown "knew before arguing in to court that the name on the warrant and on the indictment was not his client true name and identity." (Doc. 1 at 4). These allegations relate directly to Defendant Brown's actions and traditional functions as counsel; accordingly, Defendant Brown was not acting under color of state law when he served as Williams' trial counsel. Because Defendant Brown was not acting under color of state law, Williams cannot properly pursue his claim against Defendant Brown in a § 1983 action. See Hall v. Tallie, 597 F. App'x 1042 (11th Cir. 2015) (The dismissal of Hall's claim against the Public Defender was appropriate because Hall failed to illustrate facts sufficient to show that the Public Defender either acted under color of state law or participated in a conspiracy.). Therefore, the claims against him are frivolous as a matter of law, and it is recommended that they be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**B.** **Claims against Defendants Travis W. Grant and Jill Phillips.**

In Imbler v. Pachtman, the Supreme Court explained that the common law gives absolute immunity in § 1983 actions for activities that are "'intimately associated with the judicial phase of the criminal process.'" 424 U.S. 409, 430, 96 S.

5

Case 1:16-cv-00253-KD-C   Document 11   Filed 12/21/16   Page 6 of 10

Ct. 984, 47 L. Ed. 2d. 128 (1976); <u>Van de Kamp v. Goldstein</u>, 555 U.S. 335, 129 S.

Ct. 855, 860, 172 L. Ed. 2d 706 (2009) (quoting <u>Imbler</u>, 424 U.S. at 430); <u>accord</u>

<u>Jones v. Cannon</u>, 174 F.3d 1271, 1281 (11th Cir. 1999).  Thus, prosecutorial

immunity applies to a prosecutor's actions in initiating a prosecution and

presenting the state's case.  <u>Imbler</u>, 424 U.S. at 431.  Prosecutors are also immune

for appearances before a court and conduct in the courtroom, including

examining witnesses and presenting evidence in support of a search warrant

during a probable cause hearing.  <u>Burns v. Reed</u>, 500 U.S. 478, 490-92, 111 S. Ct.

1934, 1942, 114 L. Ed. 2d 547 (1991); <u>Kalina v. Fletcher</u>, 522 U.S. 118, 126, 118 S. Ct.

502, 507-08, 139 L. Ed. 2d 471 (1997); <u>see also</u> <u>Van de Kamp</u>, 555 U.S. at 343.

   Applying these principles, the Eleventh Circuit has observed that "[a]

prosecutor enjoys absolute immunity from allegations stemming from the

prosecutor's function as advocate." <u>Jones</u>, 174 F.3d at 1281.  Such absolute

immunity "extends to a prosecutor's acts undertaken in preparing for the

initiation of judicial proceedings or for trial, and which occur in the course of his

role as an advocate for the State." <u>Id</u>. (quotation marks omitted); <u>accord</u> <u>Rowe v.</u>

<u>City of Fort Lauderdale</u>, 279 F.3d 1271, 1279 (11th Cir. 2002).

   In this case, Williams seeks to hold Defendants Travis W. Grant and Jill

Phillips liable for their actions in connection with prosecuting him for

manslaughter.  Such claims are not cognizable because they arose in connection

with the Defendants' roles as advocates for the state.  Thus, Williams' claims are

frivolous as a matter of law.

   Moreover, Williams is barred from relief under <u>Heck v. Humphrey</u>, in

which the Supreme Court held that when an inmate's allegations rest on the

validity of his imprisonment, his § 1983 claim does not accrue until that

6

invalidity is proven. 512 U.S. 477, 486-84, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) (The Court explained, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated.). Conversely, § 1983 is the appropriate course of relief for a state prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). In short, a claim for monetary damages or injunctive relief that challenges Williams' conviction is not cognizable under § 1983. Heck, 512 U.S. at 483; see also Nelson v. Campbell, 541 U.S. 637, 643, 124 S. Ct. 2117, 158 L. Ed. 2d 924 (2004) (explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983); Preiser, 411 U.S. at 500 ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . , his sole federal remedy is a writ of habeas corpus."); see also Baker v. City of Hollywood, 391 F. App'x 819, 821 (11th Cir. 2010) (per curiam) (allegation that defendants conspired to falsify evidence, deny plaintiff effective assistance of counsel, testify falsely at trial, and "improperly prosecute[]" plaintiff were barred by Heck); Salas v. Pierce, 297 F. App'x 874, 876 (11th Cir. 2008) (per curiam) (district court properly found that "claim against the Assistant District Attorney for conspiring with his counsel to coerce him into pleading guilty" was barred by Heck because plaintiff failed to allege his sentence or conviction had been reversed).

Success in this action, would necessary imply the invalidity of Williams' sentence, and Williams has not asserted nor presented any evidence suggesting that his "conviction or sentence [has been] reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487.  Thus, Williams' claims against Grant and Phillips should be dismissed because they are premature.

### C.   Detective Willie Maiben.

The court has interpreted Plaintiff's complaint to allege that Detective Willie Maiben is responsible for knowingly altering Plaintiff's name from "Ronald Williams" (on some unidentified police or legal document) to that of "Ronnie Williams" and causing him to be prosecuted under the wrong legal identity.[2]  (Id. at 5).

Similarly to the claim above, success on the claim against Detective Maiben would necessarily imply the invalidity of the outcome of his criminal trial and sentencing and, as discussed *supra*, is barred under Heck.  512 U.S. 477.  Moreover, Williams' request for release from confinement is not cognizable in this § 1983 action and must, instead, be pursued in habeas corpus.  It is, therefore, recommended that the claims against Defendant Maiben be dismissed as frivolous.[3]

---

[2]    Williams states in his complaint that Detective Maiben "removed the Plaintiff['s] true name and identity" in retaliation for a conflict between Plaintiff Williams and Detective Maiben's cousin, Oliver Maiben.  (Doc. 1 at 5).

[3]    Notably, this action hangs on the proposition that Plaintiff is not "Ronnie" Williams, yet the style of this complaint (authored by Williams) reads: "Ronald Vincent Williams/Ronnie Williams #236426."

Moreover, Williams appears to dispute the length of his 20-year prison sentence, arguing that the time imposed was calculated with the inclusion of a prior conviction

## IV.      Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because Plaintiff's allegations are either frivolous and fail to state a claim upon which relief may be granted.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in

---

belonging to "Ronnie" Williams and not the Plaintiff.  (Doc. 1 at 6).  However, such a claim is meritless, as it is undisputed that Williams is guilty of manslaughter, and according to the Ala. Code § 13A-6-3, manslaughter is a class B felony with a sentencing range of "not more than 20 years or less than 2."  Ala. Code § 13A-5-6 (1975).  Thus, Williams' imposed sentence is legally within the statutory sentencing range for a first time offender, as Plaintiff Williams alleges he is.

the Magistrate Judge's report and recommendation where the disputed

determination is found. An objection that merely incorporates by reference or

refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 21st day of December 2016.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE