IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **RONALD VINCENT WILLIAMS,** | : | |
| **AIS #239426,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION 16-00253-KD-C |
| | : | |
| **WILLIE MAIBEN,** *et al.*, | : | |
| Defendants. | : | |

**ORDER**

This matter is before the Court on *pro se* Plaintiff's motion for reconsideration and motion to amend complaint, with proposed amended complaint. (Doc. 17).

*Pro se* prisoner Plaintiff Ronald Vincent Williams (Williams) initiated this Section 1983 action against the Defendants on May 31, 2016. (Doc. 1). Following the screening process provided by 28 U.S.C. § 1915(e)(2)(B), the Magistrate Judge issued a Report and Recommendation recommending that Williams' action be dismissed without prejudice prior to service because his claims are either frivolous or fail to state a claim upon which relief may be granted. (Doc. 11). After allowing Williams to submit exhibits and a sworn statement (Docs. 12, 14) and after a *de novo* determination of those portions of the Magistrate Judge's Report and Recommendation to which Williams objected (Doc. 13), on January 17, 2017 the undersigned adopted the Report and Recommendation and issued a final judgment, dismissing Williams' action without prejudice. (Docs. 15, 16). On January 30, 2017, Williams filed a motion to reconsider and to amend his complaint, attaching a proposed amended complaint. (Doc. 17).

At the outset, because Williams' motion was filed less than 28 days after entry of the final judgment, it is assessed under Rule 59(e) of the Federal Rules of Civil Procedure as a

motion to alter or amend judgment.  See, e.g., U.S. ex rel., Heesch v. Diagnostic Phy. Group, P.C., 2014 WL 1948326, *1 (S.D. Ala. May 15, 2014) (assessing a motion to reconsider under Rule 59 rather than Rule 60 as it was filed within 28 days after entry of the judgment).  Grounds for granting a Rule 59(e) motion consist of 1) newly-discovered evidence or 2) correcting manifest errors of law or fact.  See generally Caraway v. Secretary, U.S. Dept. of Transp., 550 Fed. Appx. 704 (11th Cir. 2013); Arthur v. King, 500 F.3d 1335 (11th Cir. 2007).

In his motion, Williams neither alleges nor submits new evidence.  Williams also fails to assert the need to correct manifest errors of law or fact.  Instead, Williams simply states that he wishes to "correct what is wrong" with his original complaint, referencing an "error [he] made[]" and "for good cause."  (Doc. 17 at 1). Williams does not specify what is being "corrected" in his proposed amended complaint, and the fact remains that this action has already been dismissed.  Moreover, even when the Court compares the original complaint with Williams' proposed amended complaint, he is not making "corrections," he is asserting new allegations.  For example, a Fifth Amendment action by Ronald Vincent Williams/Ronnie Williams in Doc. 1 and a Fourteenth Amendment action by Ronald Vincent Williams in the proposed amended complaint (compare Doc. 1 at 1 and Doc. 17-1 at 1).  Williams has also revised his explanation of his claim (compare Doc. 17-1 at 3 to Doc. 1 at 3), and adds four (4) pages of new handwritten allegations (Doc. 17-1 at 7-11).  While Williams' handwriting is difficult to read, the amended complaint appears to be Williams' attempt to assert a new case against the Defendants (adding allegations to that which he previously asserted).  The Court is unable to discern any "error" Williams endeavors to correct, post-judgment, in his original complaint.

Upon consideration, Plaintiff's motion fails to establish newly discovered evidence or manifest errors of law or fact.  At best, Williams reiterates arguments already made, which the

Court already rejected.  Rule 59(e) is not an appropriate vehicle to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Frantz v. Walled, 513 Fed. Appx. 815, 822 (11th Cir. 2013).  See also e.g., McCorvey v. Weaver, 2014 WL 6388515, *2 (S.D. Ala. Nov. 14, 2014).  In short, Williams has not set forth any basis for Rule 59(e) relief.  See, e.g., McCall v. Mitchem, 2012 WL 2946268, *1 (S.D. Ala. Jul. 19, 2012).  Accordingly, it is **ORDERED** that Williams' motion for reconsideration (Doc. 17) is **DENIED.**

With regard to Williams' request to amend his complaint (Doc. 17), the Court finds that this request should be **DENIED**.  While Rule 15 does not apply once the court has dismissed the complaint and entered final judgment, requiring a plaintiff, post-judgment, to instead seek leave to amend "under [Federal Civil Procedure] Rule 59(e) or Rule 60(b)(6)," Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1344-1345 (11th Cir. 2010), Rule 15(a)'s lenient amendment standards still govern the Court's analysis, Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597 n. 1 (5th Cir. 1981).  Nevertheless, "[w]hile a pro se litigant must generally be given an opportunity to amend his complaint, a…court need not allow any…amendment [that] would be futile." Lee v. Alachua Cty., Fl., 461 Fed. Appx. 859, 860 (11th Cir. 2012).  "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed..." Id.

The Court cannot discern how any of the amended (added) allegations in Williams' proposed amended complaint provide a basis for the relief he requests.  Williams' original Section 1983 complaint was dismissed because his claims were found to either be frivolous, as a matter of law, or failed to state a claim upon which relief may be granted.  (Doc. 11).  For example, as to Defendant Brown, the Court concluded that he was not acting under color of state law – one of the required elements -- and so Williams cannot pursue a claim against him in a Section 1983 action.  (Doc. 11 at 4-5).  As for Defendants Grant and Phillips, Williams' claims

were found not to be cognizable as they arose in connection with these defendants' roles as advocates for the state, and Williams' claims were barred under Heck v. Humphrey, 512 U.S. 477, 486-484 (1994) as well as deemed premature.  (Id. at 5-7).  Concerning Defendant Maiben, Williams' claims were likewise found to be barred under Heck, and his claim to be released from confinement was noted as pursuable in habeas corpus, but not in a Section 1983 action.  (Id. at 8).  Thus, based on the foregoing, any amended to Williams' complaint would be futile such that his motion to amend (Doc. 17) is **DENIED.**

    **DONE** and **ORDERED** this the **3rd** day of **February 2017.**

                                          /s/ Kristi K. DuBose
                                          **KRISTI K. DuBOSE**
                                          **UNITED STATES DISTRICT JUDGE**